SO ORDERED.

Dated: May 3, 2019

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTY COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Proceedings |
| | ) | |
| PAUL CHARLES RAY, | ) | Case No. 2:18-bk-09137-DPC |
| | ) | |
| Debtor. | ) | ORDER DENYING DEBTOR'S MOTION TO REOPEN CASE AND WAIVE REOPEN FEE |

Debtor, Paul Charles Ray ("Debtor"), filed his Chapter 7 petition on July 31, 2018. The case was terminated on December 28, 2018. On May 1, 2019, Debtor filed a motion to reopen his Chapter 7 case and to waive the reopening fee.[1] Debtor seeks to reopen his bankruptcy case so he can add creditors which were omitted from the Debtor's originally filed schedules. Debtor simultaneously filed amended schedules listing two additional creditors.[2] Debtor received his bankruptcy discharge on November 20, 2018. *See* Order of Discharge, Docket No. 18 (the "Discharge Order"). This is a no-asset chapter 7 case.

Debtor is attempting to rent a house but his application has been denied because a certain debt had not been listed in his schedules. Debtor's prospective landlord is insisting Debtor reopen this bankruptcy case and amend his schedules to add a previously unlisted creditor.

A bankruptcy discharge in a no-asset chapter 7 case discharges even certain pre-petition creditors omitted from Debtor's schedules or from Debtor's master mailing list. *Beezley v. Cal. Land Title Co.*, 994 F.2d 1433, 1434 (9th Cir. 1993). Although Debtor has not identified which creditor was not originally listed on his bankruptcy schedules or when that creditor's claim arose, this Court will assume such creditor is now listed in his amended schedules, that the debt in question was incurred pre-bankruptcy and the subject debt is an

---

[1] DE 23 dated May 1, 2019.
[2] DE 22 dated May 1, 2019.

otherwise dischargeable claim. It is worth noting a bankruptcy chapter 7 discharge is only effective as to pre-petition creditors. Debtor's chapter 7 discharge is no shield against creditors seeking to collect debts that were incurred by the Debtor after he filed his chapter 7 bankruptcy. With respect to Debtor's pre-petition creditors, whether or not such creditors are listed in Debtor's schedules, the Debtor may provide those creditors with a copy of the Discharge Order. If Debtor's creditor(s) continue to directly or indirectly attempt collection efforts or otherwise violate the discharge injunction (see U.S.C. § 727(b)), the Debtor may seek to reopen this case for the limited purpose of seeking sanctions against pre-petition creditor(s) for violating the Discharge Order. A copy of the Discharge Order is attached. Accordingly,

**IT IS ORDERED** denying Debtor's Motion because Debtor's pre-petition debts, whether or not properly scheduled, have been discharged in this no-asset chapter 7 bankruptcy. *Id*.

**DATED AND SIGNED ABOVE.**

**To be Noticed through the BNC to:**

Paul Charles Ray
17794 W. Rimrock St.
Surprise, AZ 85288

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **PAUL CHARLES RAY** <br> First Name   Middle Name   Last Name | Social Security number or ITIN  xxx–xx–0411 <br> EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **District of Arizona** | | |
| Case number:  **2:18–bk–09137–DPC** | | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

PAUL CHARLES RAY

11/20/18                              **By the court:** Daniel P. Collins
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318             **Order of Discharge**             page 1

Case 2:18-bk-09137-DPC   Doc 23   Filed 05/20/19   Entered 05/20/19 15:37:59   Desc
Main Document   Page 1 of 4

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**